IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Bryant Keith Bentley, | ) | C/A No. 0:13-2322-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Dr. Colon, *former Chief Dental Officer*; Mr. Smith, *Dental hygienist*, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Bryant Keith Bentley, a self-represented state prisoner, filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971),[1] alleging violations of his civil rights. This matter is before the court on the plaintiff's request for entry of default. (ECF No. 38.)

Following service of the Complaint, Defendants Colon and Smith have not made an appearance in this matter. (See ECF Nos. 34 & 36.) Therefore, the Clerk of Court is directed to enter default against both defendants. Further, to proceed with his claim, Bentley is directed file a motion for default judgment in accordance with Federal Rule of Civil Procedure 55(b)(2) by **October 15, 2014**. The motion should address the following: (1) whether Kaitlin Turner is an agent authorized by appointment or by law to receive service of process on behalf of Defendant Colon (see ECF No. 36); (2) whether Tami Cassaro is an agent authorized by appointment or by law to receive

---

[1] Bivens establishes as a general proposition that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits. Carlson v. Green, 446 U.S. 14, 18 (1980); see also Holly v. Scott, 434 F.3d 287, 289 (4th Cir. 2006). A Bivens claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983. Therefore, caselaw involving § 1983 claims is applicable in Bivens actions, and vice versa. See Harlow v. Fitzgerald, 457 U.S. 800, 814-20, n.30 (1982); see also Farmer v. Brennan, 511 U.S. 825 (1994).

service of process on behalf of Defendant Smith (see ECF No. 34 at 3); (3) whether all damages claimed are liquidated or the matter seeks only specified declaratory judgment (allowing resolution without further hearing or motion and, if there are no other defendants, entry of judgment); (4) whether any claims for unliquidated damages are waived; and (5) if unliquidated damages claims are not waived, how those claims should be resolved.  If the matter is ripe for resolution and unliquidated damage claims remain, Bentley should file a separate motion seeking resolution on written submissions under a summary judgment standard or through an evidentiary hearing.  Such separate motion should address:  (1) the damages sought (categories and amounts); (2) the standards by which the damages should be measured; (3) whether the matter may be resolved on the written submissions (and, if so, attaching supporting evidence); (4) if a hearing may be necessary, the witnesses and evidence which will be presented and estimated hearing time; and (5) whether a jury demand has been made (in which event a jury trial as to unliquidated damages may be required). Bentley is advised that he must present evidence supporting his claim for relief pursuant to Rule 55(d) of the Federal Rules of Civil Procedure, which states that "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court."

Bentley is further advised that if he fails to respond, **this action will be recommended for dismissal with prejudice for failure to prosecute.**  See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 11, 2014
Columbia, South Carolina