IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bryant Keith Bentley, | C/A No. 0:13-2322-JFA-PJG |
| Plaintiff, | |
| v. | **ORDER AND REPORT AND RECOMMENDATION** |
| Dr. Colon, *former Chief Dental Officer*; Mr. Smith, *Dental hygienist*, | |
| Defendant. | |

The plaintiff, Bryant Keith Bentley, a self-represented federal prisoner, filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971),[1] alleging violations of his civil rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the defendants' motion to set aside default (ECF No. 43) and Bentley's motion for default judgment (ECF No. 45).

Bentley filed this matter in August 2013. As Bentley was granted leave to proceed *in forma pauperis*, the court issued an Order on March 6, 2014 authorizing issuance of process by the Clerk of Court and directing the United States Marshals Service to serve the Summons and Complaint on the defendants. (ECF No. 27); see Fed. R. Civ. P. 4(c)(3); 29 U.S.C. § 1915(d). Following service of the Complaint, Defendants Colon and Smith did not make an appearance in this matter, and

---

[1] Bivens establishes as a general proposition that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits. Carlson v. Green, 446 U.S. 14, 18 (1980); see also Holly v. Scott, 434 F.3d 287, 289 (4th Cir. 2006). A Bivens claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983. Therefore, caselaw involving § 1983 claims is applicable in Bivens actions, and vice versa. See Harlow v. Fitzgerald, 457 U.S. 800, 814-20, n.30 (1982); see also Farmer v. Brennan, 511 U.S. 825 (1994).



Bentley filed a request for entry of default. (See ECF No. 38.) On September 11, 2014, the court issued an Order directing the Clerk of Court to enter default against both defendants and directing Bentley to file a motion for default judgment in accordance with Federal Rule of Civil Procedure 55(b)(2). (ECF Nos. 39 & 40.) Bentley complied and filed a motion for default judgment. (ECF No. 45.)

On September 16, 2014, the defendants filed a motion to set aside default. (ECF No. 43.) In addition, the defendants filed a response in opposition to Bentley's motion for default judgment (ECF Nos. 46 & 47), to which Bentley replied (ECF No. 49).

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, the court may set aside the entry of default for good cause. This rule "must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.' " Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir. 1987) (quoting Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969)). The primary factors to consider when reviewing a motion to set aside default under Rule 55(c) are prejudice to the non-moving party and whether a meritorious defense is presented. Central Operating Co. v. Utility Workers of Am., AFL-CIO, 491 F.2d 245 (4th Cir. 1974). A meritorious defense is presented where the moving party makes a presentation or proffer of evidence which, if believed, would permit the court to find for the defaulting party. United States v. Moradi, 673 F.2d 725 (4th Cir. 1982). The court may also consider whether or not the moving party acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the opposing party, whether there is a history of dilatory action, and the availability of less drastic sanctions. Lolatchy, 816 F.2d at 953.

Considering this standard, and after careful review and consideration of the arguments and evidence submitted, the court finds that the defendants have presented good cause and that the defendants should be granted relief in this case. The defendants acted promptly and with reasonable diligence in seeking to set aside default shortly after the Clerk of Court entered default against them. Moreover, there is no indication of any prejudice to Bentley in allowing the action to proceed. Further, the defendants have offered a potentially meritorious defense and submitted a reasonable explanation detailing their failure to answer or otherwise respond, which resulted from a rare mistake in dealing with the large volume of *pro se* prisoner litigation received by the United States Attorney's Office for the District of South Carolina.

Accordingly, the defendants' motion to set aside default is hereby granted. (ECF No. 43) In light of this Order, the court recommends that Bentley's motion for default judgment be denied. (ECF No. 45) If this recommendation is adopted, the defendants should be directed to file a responsive pleading or motion within fourteen days of the date of the district judge's order.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 6, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).