IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bryant Keith Bentley, ) | C/A No. 0:13-2322-RBH-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Dr. Colon, *former Chief Dental Officer*; Mr. ) | |
| Smith, *Dental Hygienist*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Bryant Keith Bentley, a self-represented federal prisoner, filed this civil rights action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971).[1]  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendants' motion to dismiss or, in the alternative, for summary judgment.  (ECF No. 63.)  Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Bentley of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion.  (ECF No. 64.)  Bentley filed a response in opposition (ECF No. 72), the defendants replied (ECF No. 73), and Bentley filed a sur-reply (ECF No. 74).  Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendants' motion should be granted.

---

[1] In Bivens, the United States Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights.  A Bivens claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983; therefore, case law involving § 1983 claims is generally applicable in Bivens actions.  See Harlow v. Fitzgerald, 457 U.S. 800, 814-20, n.30 (1982); see also Farmer v. Brennan, 511 U.S. 825 (1994).



**BACKGROUND**

Bentley filed the instant lawsuit alleging violation of his constitutional rights by Dr. Juan Colon and Sylvester Smith at the Federal Correctional Institute in Bennettsville, South Carolina ("FCI Bennettsville"). Bentley alleges that while housed as a prisoner at FCI Bennettsville, former Chief Dental Officer Colon and dental hygienist Smith refused to treat Bentley's periodontitis. Bentley alleges that this refusal to treat his gum disease has resulted in gumline disfigurement and tooth loss. Bentley seeks monetary damages and injunctive relief.

**DISCUSSION**

**A.     Applicable Standards**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's



allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Furthermore, summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.



See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Id. at 248.  The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.

**B.     Defendant Smith**

With regard to Defendant Smith, all parties agree that he is absolutely immune from suit.  (See Defs.' Mot. to Dismiss, or Alt. Summ. J., ECF No. 63 at 8; Pl.'s Resp. in Opp'n Mot. to Dismiss, or Alt. Summ. J., ECF No. 72 at 2 ("Plaintiff will stipulate . . . that defendant Smith [is] absolutely immune from suit under the terms of the Public Health Service Act, . . . barring Plaintiff from bringing a [Bivens] action against him . . . .").  Therefore, Bentley's claims against Defendant Smith should be dismissed, and the only claims remaining in the instant matter are against Defendant Colon.

**C.     Official Capacity Claims**

The defendants correctly assert that to the extent Bentley seeks monetary damages against Defendant Colon in his official capacity, he is immune from suit.  Bivens claims are not actionable against the United States, federal agencies, or officials acting in their official capacities, as they are protected by sovereign immunity.  See Kentucky v. Graham, 473 U.S. 159, 165 (1985) (holding that an official capacity suit "generally present[s] only another way of pleading an action against an entity



of which an officer is an agent" and "is, in all respects other than name, to be treated as a suit against the entity") (internal quotations omitted); Doe v. Chao, 306 F.3d 170, 184 (4th Cir. 2002) (observing that "a Bivens action does not lie against either agencies or officials in their official capacity"). Accordingly, to the extent Bentley seeks damages against Defendant Colon in his official capacity, his claims should be dismissed.

**D.     Deliberate Indifference to Medical Needs**

Deliberate indifference by prison personnel to a prisoner's medical needs is actionable under the Eighth Amendment to the United States Constitution. See Estelle v. Gamble, 429 U.S. 97, 104-105 (1976). To establish a claim under the Eighth Amendment, an inmate must establish two requirements: (1) a sufficiently serious deprivation occurred, resulting "in the denial of the minimal civilized measure of life's necessities," and (2) the prison official had a sufficiently culpable state of mind. Farmer v. Brennan, 511 U.S. 825, 834 (1994). To satisfy the second prong, an inmate must show that the prison official's state of mind was "deliberate indifference" to the inmate's health and safety. Id. A prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to an inmate and disregards that substantial risk. Id. at 847; Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004). To be liable under this standard, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. However, because even a subjective standard may be proven through circumstantial evidence, " 'a prison official cannot hide behind an excuse that he was unaware of a risk, no matter how obvious.' " Makdessi v. Fields, __ F.3d __, No. 13-7606, 2015 WL 1062747, at *5 (4th Cir. Mar. 12, 2015) (quoting Brice v. Va Beach Corr. Ctr., 58 F.3d 101, 105 (4th Cir. 1995)). Therefore, " 'a factfinder may conclude that a prison official



knew of a substantial risk from the very fact that a risk was obvious.' " Makdessi, 2015 WL 1062747, at *5 (quoting Farmer, 511 U.S. at 842).

Not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle, 429 U.S. at 105. To establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983. See Estelle, 429 U.S. at 106. While the Constitution requires a prison to provide inmates with medical care, it does not demand that a prisoner receive the treatment of his choice. Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). "[A] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." Nelson v. Shuffman, 603 F.3d 439, 449 (8th Cir. 2010) (internal quotation marks & citation omitted) (alterations in original); see also Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

Courts have recognized that "lay people are not qualified to determine . . . medical fitness, whether physical or mental; that is what independent medical experts are for." O'Connor v. Pierson, 426 F.3d 187, 202 (2d Cir. 2005); see also Nelson, 603 F.3d at 449 ("A prisoner's disagreement as to the appropriate treatment fails to rise to the level of a constitutional claim and fails to create a genuine issue of material fact."); Dulany v. Carnahan, 132 F.3d 1234, 1240 (8th Cir. 1997) ("In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment."); Fleming v. Lefevere, 423 F. Supp. 2d 1064, 1070



(C.D. Cal. 2006) ("Plaintiff's own opinion as to the appropriate course of care does not create a triable issue of fact because he has not shown that he has any medical training or expertise upon which to base such an opinion.").

Bentley has failed to provide evidence from which a reasonable jury could find deliberate indifference to his medical needs. As stated above, Bentley alleges that Defendant Colon, the Chief Dental Officer at FCI Bennettsville, failed to treat his periodontal disease. In support of their motion, the defendants have provided the affidavits of both Defendants Colon and Smith (Colon Aff., ECF No. 63-1; Smith Aff., ECF No. 63-2), as well as Bentley's health records outlining the times Bentley was examined by medical staff and the treatment provided. (Med. Rec., ECF No. 63-1 at 5-30).

As sworn to by Colon, review of Bentley's medical records reveals that Bentley's periodontal disease was noted as far back as October 2008. (Colon Aff. ¶ 4, ECF No. 63-1 at 2; Med. Rec., ECF No. 63-1 at 5-6.) Bentley's medical records also frequently note that Bentley had poor oral hygiene and that Bentley repeatedly received counseling on this topic. (See, e.g., Med. Rec., ECF Nos. 63-1 at 5, 8, 14, 24, 28, 29-30; but see Med. Rec., ECF No. 63-1 at 27-28 (in which Dr. LaPolla notes that Bentley claims he is brushing and flossing three times a day)).

Colon avers that he first treated Bentley at FCI Bennettsville on March 26, 2012. (Colon Aff. ¶ 6, ECF No. 63-1 at 2.) At that appointment, Colon noted that Bentley had an advanced periodontal condition and advised Bentley that the proper course of treatment would be to extract four teeth due to the non-restorable bone loss. (Id.; Med. Rec., ECF No. 63-1 at 18.) Colon attests that he also explained to Bentley that no type of surgery or medication would help improve or save the four teeth in question. (Colon Aff. ¶ 6, ECF No. 63-1 at 2.) Colon avers that Bentley, despite fully



understanding his periodontal condition and the poor to hopeless condition of his anterior teeth, refused Colon's medical recommendation to extract the teeth and signed a medical treatment refusal form. (Id.; Med. Rec., ECF No. 63-1 at 19.) Bentley acknowledged on the medical form that his refusal to have his teeth extracted may result in pain, swelling, recurrent abscesses, or other complications beyond the present problem. (Med. Rec., ECF No. 63-1 at 19.) Colon saw Bentley a second time on June 19, 2012 when Bentley returned to the dental clinic complaining of pain and a loose tooth. (Colon Aff. ¶ 7, ECF No. 63-1 at 3; Med. Rec., ECF No. 63-1 at 20.) Colon avers that he explained to Bentley that the tooth needed to be extracted due to non-restorable bone loss and Bentley agreed to have the tooth extracted. (Colon Aff. ¶ 7, ECF No. 63-1 at 3.) Colon attests that this procedure was the last time that he saw Bentley, as Colon subsequently transferred to a different Bureau of Prisons institution. (Id.)

Bentley's claim centers on his allegation that, because Bentley refused to have his teeth extracted, Colon stated that he would not treat Bentley's periodontal disease. Specifically, Bentley alleges that he asked Colon if pulling his teeth was part of his periodontal disease treatment and Colon responded "no." Accordingly, Bentley alleges that he wrote on the refusal form that he was not refusing treatment, but was only refusing to have his teeth extracted. Bentley alleges that when he saw Colon for the second time to have his tooth extracted, Colon stated that "it looked as if [Bentley] could have cancer in the mouth due to aggressive disfigurement of [his] gumline in such a short period of time." (Compl., ECF No. 1-9 at 3.)

In support of his allegations, and in an apparent effort to show that Colon did not properly treat his periodontal disease, Bentley includes, *inter alia*, multiple print outs from internet cites such as WebMD and the National Institute of Health, as well as magazine articles from Registered Dental



Hygienist. (See, e.g., ECF Nos. 1-4, 1-5, 1-7, 72-2 at 2, & 72-2 at 4-9.) However, this evidence is not admissible. See Kennedy v. Joy Techs., Inc., 269 F. App'x 302, 308 (4th Cir. 2008) (citing Maryland Highways Contractors Ass'n, Inc. v. State of Md., 933 F.2d 1246, 1251 (4th Cir. 1991) ("[H]earsay evidence, which is inadmissible at trial, cannot be considered on a motion for summary judgment."); cf. Fed. R. Evid. 803(18). Bentley also provides a declaration stating that he brushes his teeth three times a day and disputes Colon's assessment that he has poor oral hygiene. (Bentley Decl. ¶¶ 4-5, 10, ECF No. 72-2 at 12, 14.)

      The indisputable record shows that Bentley was seen twice by Colon within an approximately two-and-a-half-month period of time. During the first visit, Bentley refused Colon's recommendation to have his teeth extracted, and during the second visit Bentley agreed to have one of those teeth removed. Bentley appears to argue that Colon should have provided other forms of care for his periodontal disease. However, as stated above, a prisoner's disagreement unsupported by any expert testimony as to the appropriate treatment fails to rise to the level of a constitutional claim and fails to create a genuine issue of material fact. See Jackson, 846 F.2d at 817; Nelson, 603 F.3d at 449; see also O'Connor, 426 F.3d at 202; Dulany, 132 F.3d at 1240; Fleming, 423 F. Supp. 2d at 1070. Moreover, as Colon states in his affidavit testimony, advanced periodontal case "is considered on an individual basis and is based primarily upon the prognosis of treatment and an inmate's ability or motivation to maintain the hygiene of the affected area." (Colon Aff. ¶ 9, ECF No. 63-1 at 3.) At most, Bentley's claim alleges negligence or medical malpractice, which is not actionable under Bivens.[2] See Daniels v. Williams, 474 U.S. 327, 328-36 & n.3 (1986); Pink v.

---

[2] In his sur-reply, Bentley expressly states that he is only raising an Eighth Amendment claim of deliberate indifference against Colon and not a state law claim of negligence. (ECF No. 74 at 2.)



Lester, 52 F.3d 73, 78 (4th Cir. 1995) ("The district court properly held that Daniels bars an action under § 1983 for negligent conduct."); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir. 1987); see also Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

Moreover, even if the court were to find that Colon failed to provide the treatment that Bentley alleges he should have received, the admissible evidence in the record does not permit a reasonable inference that the failure to receive this treatment during the two-and-a-half-months at issue was the cause of his long-standing periodontal issues. (Cf. Med. Rec., ECF No. 63-1 at 27-30 (in which Dr. LaPolla noted in December 2013 that even after receiving treatment for his periodontal disease, Bentley's periodontal disease had worsened and that his condition had been present since at least 2009)); see Evan v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012) ("[C]onstitutional torts, like their common law brethren, require a demonstration of both but-for and proximate causation."); Barnes v. Anderson, 202 F.3d 150, 158 (2d Cir. 1999) ("[P]rinciples of causation borrowed from tort law are relevant to civil rights actions brought under section 1983.") (internal quotations omitted).

**E.     Other Claims**

To the extent that Bentley's Complaint may be construed to allege any other constitutional violations, the court finds that Bentley has failed to plead sufficient facts to state a plausible claim. See Ashcroft v. Iqbal, 556 U.S. 662, 667-68 (2009).

**RECOMMENDATION**

Accordingly, the court recommends that the defendants' motion to dismiss or, in the alternative, for summary judgment (ECF No. 63) be granted.

April 20, 2015  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).