UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Bryant Keith Bentley, | ) | Civil Action No.: 0:13-cv-02322-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Dr. Colon, former Chief Dental | ) | |
| Officer; Mr. Smith, Dental | ) | |
| Hygienist; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding *pro se*, filed this action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging cruel and unusual punishment in violation of the Eighth Amendment to the Constitution. Pending before the Court is Defendants'[ECF# 63] motion to dismiss or, in the alternative, motion for summary judgment. The motion is before the court with the Report and Recommendation [ECF #78] of Magistrate Judge Paige J. Gossett filed on April 20, 2015.[1] The Magistrate Judge recommended that Defendants' motion be granted and this case dismissed. Plaintiff timely filed objections [ECF# 80] to the Magistrate Judge's Report and Recommendation on May 4, 2015. For the reasons stated below, the Court adopts the Report and Recommendation of the Magistrate Judge and grants Defendants' motion to dismiss or, in the alternative, for summary judgment.

### Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court.

---

[1] This matter was referred to Magistrate Judge Gossett pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2).

*Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R & R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## Rule 12(b)(6) Standard

When reviewing a motion made under Federal Rule of Civil Procedure 12(b)(6), the court must accept all well-pled allegations in the plaintiff's complaint as true and draw all reasonable factual inferences from those facts in the plaintiff's favor. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009); *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S.Ct. at 1969. A complaint attacked

2

by a motion to dismiss will survive if it contains "enough facts to state a claim to relief that is

plausible on its face." *Id*. at 1974; *see also*, *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir.

2008); *Self v. Norfolk Southern Corp.*, No. 07-1242, 2008 WL 410284, at \*1 (4th Cir. February 13,

2008) (unpublished).

### Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a) (2010). "A party asserting that a fact cannot be or is genuinely disputed must support

the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the

materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party

cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

When no genuine issue of any material fact exists, summary judgment is appropriate. *See*

*Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from

the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the

mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise

properly supported motion for summary judgment; the requirement is that there be no *genuine* issue

of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"Once the moving party has met [its] burden, the nonmoving party must come forward with

some evidence beyond the mere allegations contained in the pleadings to show that there is a

genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The

nonmoving party may not rely on beliefs, conjecture, unsupported speculation, or conclusory

allegations to defeat a motion for summary judgment. *See Baber*, 977 F.2d at 875. Rather, the

3

nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

### Discussion

As an initial matter, Plaintiff stipulates that Defendant Smith, Dental Hygienist, is absolutely immune from suit. Accordingly, the Court adopts, without objection, the Magistrate Judge's recommendation that Plaintiff's claim against Defendant Smith should be dismissed.

Plaintiff's remaining claim against Defendant Colon, Former Chief Dental Officer, alleges that Colon was deliberately indifferent to Plaintiff's serious medical needs when Colon allegedly refused to treat Plaintiff's periodontal disease. Plaintiff, who suffers from advanced periodontal disease, alleges that Colon violated the Eighth Amendment to the Constitution when Colon refused to perform or provide a gross debridement with medication as treatment for Plaintiff's periodontal disease. Plaintiff alleges Colon did not perform treatment according to the standard of care for periodontal disease and that as a result Plaintiff suffered injuries. Plaintiff alleges that after examining Plaintiff, Colon wanted to extract several of Plaintiff's teeth. When Plaintiff refused to have his teeth pulled as Colon suggested, Plaintiff alleges Colon refused to provide any further treatment of his periodontal disease. Specifically, Plaintiff argues that Colon should have performed a gross debridement and provided antibiotics pursuant to the standard of care for treatment of acute periodontal disease. Plaintiff alleges that Colon violated Plaintiff's "Eighth Amendment Right to adequate medical aid" by "breaching the applicable 'Standard of Care' for 'acute' periodontitis." [ECF# 72-2, Plaintiff's affidavit].

4

The Magistrate Judge recommended dismissal of Plaintiff's official capacity claims against Defendant Colon concluding that Colon was protected by sovereign immunity. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002) (observing that a "*Bivens* action does not lie against either agencies or officials in their official capacity"). Plaintiff does not object to this recommendation by the Magistrate Judge. The Court, therefore, adopts, without objection, the Magistrate Judge's recommendation that Defendant Colon is protected by sovereign immunity to the extent Plaintiff alleges claims against Defendant Colon in his official capacity.

With respect to Plaintiff's individual capacity claims against Defendant Colon, the Magistrate Judge recommended dismissing Plaintiff's claim concluding that Plaintiff had failed to provide evidence from which a reasonable juror could find deliberate indifference to Plaintiff's serious medical needs. [Report and Recommendation, ECF# 78, pg. 7]. The Magistrate Judge concluded that Plaintiff's claim of medical indifference amounted to no more than a claim for negligence or medical malpractice, which is not actionable under *Bivens*. The Magistrate Judge noted that a prisoner's disagreement as to the appropriate treatment fails to rise to the level of a constitutional claim and fails to create a genuine issue of material fact. *See Jackson v. Fair*, 846 F.2d 811, 817 (4th Cir. 1988) (stating "[a]lthough the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice"); *Taylor v. Bowers*, 966 F.2d 417, 421 (8th Cir. 1992) (stating "a prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation").

Plaintiff objects to the Magistrate Judge's finding that Plaintiff had a mere difference of opinion over matters of expert medical judgment or a course of medical treatment. Plaintiff also objects to the Magistrate Judge's finding that extraction of Plaintiff's teeth constituted adequate care. Plaintiff argues that Colon's suggestion to extract Plaintiff's teeth was "grossly incompetent, inadequate and or excessive as it would produce further pain and suffering, as to shock the conscience or to be intolerable to fundamental fairness." [Plaintiff's Objections to Report and Recommendation, ECF# 80, pg. 4]. Plaintiff further objects to the Magistrate Judge's finding that Plaintiff has "poor hygiene." Plaintiff also objects to the Magistrate Judge's refusal to consider print outs from various internet sites such as WebMD and the National Institute of Health as hearsay. Finally, Plaintiff objects to the Magistrate Judge's finding that he failed to plead sufficient facts to state a plausible claim.

To state a claim for relief under the Eighth Amendment, the plaintiff must establish that a prison official was deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To be deliberately indifferent, a defendant must know of and disregard an objectively serious condition, medical need, or risk of harm. *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997). Deliberate indifference may be demonstrated by either actual intent or reckless disregard. *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to him or which would be apparent to a reasonable person in his or her position. *Miltier*, 896 F.2d at 852-53.

The medical records submitted in this case indicate that Plaintiff was treated for periodontal disease by the Bureau of Prisons as early as October 27, 2008. On that date, Plaintiff was diagnosed with acute periodontitis and chronic gingivitis. [Dental Records, ECF# 63-1, pg. 5]. On October 28,

6

2008, Plaintiff received a gross debridement (removal of plaque and calculus) of the lower anterior teeth. *Id*. at 7.  Plaintiff was examined again on November 14, 2008 and reported no pain. *Id*. at 8.

On November 6, 2009, Plaintiff was seen again in the Dental Clinic and diagnosed with chronic periodontitis. *Id*. at 9.  Plaintiff was prescribed Amoxicillin and scheduled to have tooth #17 extracted. *Id*. at 9-10.  Plaintiff's tooth (#17) was extracted on November 20, 2008. *Id*. at 12.

Plaintiff visited the Dental Clinic again on March 10, 2010 complaining of tooth pain. *Id*. at 14.  He was advised to change tooth paste and was provided with oral hygiene instructions. *Id*.

On April 1, 2011, Plaintiff was seen in the Dental Clinic with loose upper anterior teeth ##7, 8, and 9.  *Id*. at 16.  Dr. James Lester noted bone loss due to advanced periodontal disease and suggested that the only option was to remove teeth ##7, 8, and 9. *Id*. at 17.  Plaintiff declined and stated that he did not want his teeth removed at that time.  The record indicates that Dr. Lester did not offer Plaintiff any additional treatment.  Plaintiff did not, however, make any claims against Dr. Lester.

Plaintiff was first seen by Defendant Dr. Colon on March 26, 2012, where Plaintiff presented with advanced periodontal disease. *Id*. at 18.  The medical record indicates that Dr. Colon advised Plaintiff, just as Dr. Lester advised Plaintiff, that extraction of teeth ##7, 8, 9, and 10 was necessary due to non-restorable bone loss. *Id*.  Plaintiff refused to have his teeth extracted and signed a medical treatment refusal form. *Id*. at 19.  The medical treatment refusal form states that Plaintiff refused to have "tooth pulled upper anteriors due to periodontal disease, bone loss, and abscess." *Id*.

The only other time Plaintiff was seen by Dr. Colon was on June 19, 2012. *Id*. at 20.  Plaintiff complained of a loose tooth (#7). *Id*.  This time, Plaintiff allowed Dr. Colon to extract tooth

#7. *Id*. Sometime thereafter, Dr. Colon was transferred to another facility. *See* [Affidavit of Defendant Colon, ECF# 63-1, pg. 3].

Plaintiff does not allege that he was denied access to medical care. Rather, Plaintiff's Eighth Amendment claim appears to simply challenge Dr. Colon's recommendation to extract teeth ## 7, 8, 9, and 10. Plaintiff argues that the standard of care for treatment of periodontal disease is gross debridement and treatment with antibiotics. However, in a Dental Clinic visit on April 1, 2011, Dr. Lester recommended the same course of action as that recommended by Dr. Colon - extraction of the affected teeth. In light of Dr. Lester's similar recommendation, Plaintiff's argument that Dr. Colon's suggestion to extract teeth ##7, 8, 9, and 10 was "grossly incompetent, inadequate and or excessive" is unconvincing. Regardless, however, of whether Dr. Colon's recommendation to extract the affected teeth was appropriate under the applicable standard of care, Plaintiff's focus on the standard of care for treatment of periodontal disease is misplaced since a breach of the standard of care without more does not rise to the level of an Eighth Amendment claim for deliberate indifference to serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (stating that negligence in treating or diagnosing a medical condition does not violate the Eighth Amendment).

Plaintiff has demonstrated that he suffers from advanced periodontal disease, which the Court believes constitutes a serious medical condition. Plaintiff has failed to demonstrate, however, that Dr. Colon was deliberately indifferent to Plaintiff's periodontal disease. Defendant Colon recommended a course of treatment which the Plaintiff elected not to follow. Plaintiff does not dispute that he signed the medical treatment refusal form refusing extraction of tooth ## 7, 8, 9, and 10. The medical treatment refusal form indicates that extraction was recommended due to

periodontal disease and severe bone loss. [Medical treatment refusal form, ECF# 63-1, pg. 19].

Colon did not disregard Plaintiff's periodontal disease.  Colon merely recommended a course of

treatment that Plaintiff refused.

Plaintiff's arguments that Defendant Colon should have performed a gross debridement

rather than tooth extraction illustrate that Plaintiff simply disagreed with Defendant Colon about the

proper course of treatment.  Disagreements as to prescribed treatment between the prisoner and

physician are not sufficient to state a constitutional claim, unless exceptional circumstances are

alleged. *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Wright v. Collins*, 766 F.2d 841, 849

(4th Cir. 1985).  Plaintiff has set forth no such exceptional circumstances here.  Plaintiff argues that

he did not have a mere difference of opinion because deep cleaning (gross debridement) and

medications are the only recognized treatment for periodontal disease.  Again, Plaintiff challenges

Defendant Colon's failure to follow Plaintiff's desired course of treatment.  At most, Plaintiff

alleges a medical or dental malpractice claim against Defendant Colon.  It is well-established that

medical malpractice or negligence in diagnosis or treatment is not sufficient to form the basis of a

constitutional claim. *Estelle v. Gamble*, 429 U.S. 97, 105-06; *Johnson v. Quinones*, 145 F.3d 164,

168 (4th Cir. 1998).  The Court, therefore, agrees with the Magistrate Judge's conclusion that

summary judgment is appropriate on Plaintiff's Eighth Amendment claim against Defendant Colon

because no reasonable juror could find that Defendant Colon was deliberately indifferent to

Plaintiff's periodontal disease, based on the admissible evidence in the record.

## Conclusion

Having reviewed the record and applicable law, the court adopts the Report and

Recommendation [ECF# 78] of the Magistrate Judge.  The Court has reviewed Plaintiff's objections

and finds that they are without merit. Defendants' [ECF# 63] motion to dismiss or, in the alternative, motion for summary judgment is **GRANTED** and this case is dismissed with prejudice.

IT IS SO ORDERED.


May 27, 2015                                          s/ R. Bryan Harwell
Florence, South Carolina                             R. Bryan Harwell
                                                     United States District Judge

10